**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joseph A. DONOHOUE, Defendant—
Appellant.**

No. 02–30181.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided April 9, 2003.

Before: BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

■ The district court did not err when it applied the "more than minimal planning" and "abuse of trust" enhancements. Donohoue's criminal behavior continued for a lengthy period of time and was sufficiently sophisticated to qualify as an offense involving "more than minimal planning." *United States v. Lindholm,* 24 F.3d 1078, 1086 (9th Cir.1994) (citation omitted). In addition, Donohoue occupied a position of trust with his employer that provided him with "the freedom to commit a difficult-to-detect wrong." *United States v. Medrano,* 241 F.3d 740, 746 (9th Cir. 2001) (citation omitted).

■ The district court's calculation of total loss for restitution purposes was not clearly erroneous. The unauthorized check was properly included in the court's calculation of total loss as a loss resulting from factors extraneous to Donohoue's criminal conduct. *See United States v. Sarno,* 73 F.3d 1470, 1500 (9th Cir.1995). In addition, Donohoue's tax evasions in 1998 and 1999 were part of the same course of conduct as the 1997 tax evasion charge to which he pled guilty, and were therefore properly included in the total loss calculation for restitution purposes. *See Chang v. I.N.S.,* 307 F.3d 1185, 1190 (9th Cir.2002). However, at oral argument the government candidly disclosed that the intended loss figure was calculated incorrectly for purposes of sentencing.[1] When closely related counts are involved, they must be grouped, rather than aggregated, for purposes of determining the specific offense characteristic level. *See* U.S.S.G. § 3D1.2, U.S.S.G. ch. 3, pt. D, illus. 2 (2000). In this case the government concedes that the loss amounts for the taxes were impermissibly aggregated with the embezzlement loss amounts to determine the specific offense characteristic level. The tax loss amounts and the embezzlement loss amounts are to be aggregated to determine the base offense level, but, to determine the specific offense characteristic level, the total loss amount should have reflected only the higher of the two amounts, which was $83,850.00. Use of that amount would have resulted in an eight-level increase to the base offense level rather than the nine-level increase calculated in the Addendum to the Presentence Report.

Accordingly, Donohoue's sentence is affirmed in part and vacated and remanded for the sole purpose of correcting the specific offense characteristic level. The total loss amount should be $83,850.00, warranting an eight-level increase, rather than nine levels. The district court should impose a corrected sentence to reflect the eight-level increase. No other aspect of Donohoue's sentence may be considered on remand.

AFFIRMED IN PART; VACATED AND REMANDED FOR THE SOLE PURPOSE OF CORRECTING THE INTENDED LOSS AMOUNT AND IMPOSING A CORRECTED SENTENCE.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The 2000 edition of the *Guidelines Manual* was used by the district court.